IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Gina M. Kozieja,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| **Archdiocese of St. Louis,** | ) |
| | ) |
| **Defendant.** | ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT &
THE MISSOURI MINIMUM WAGE LAW**

**COMES NOW** Plaintiff Gina M. Kozieja (hereinafter "Plaintiff" or "Ms. Kozieja"), by and through undersigned counsel, and for her Complaint against the Archdiocese of St. Louis (hereinafter "Defendant" or "the Archdiocese"), states and allege as follows:

**NATURE OF THE COMPLAINT**

1. Plaintiff brings this action against Defendant under federal and state law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq*.

2. Plaintiff brings this action against Defendant for unpaid overtime compensation, and related penalties and damages.

3. Defendant's payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

4. Defendant's payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500 *et seq*.

5. For said violations, Plaintiff seeks declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; as well as attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Gina Kozieja is an adult resident of St. Peters, St. Charles County, Missouri.

7. Defendant Archdiocese of St. Louis, Missouri is a domestic nonprofit corporation registered to conduct business in Missouri and may be reached for service through its registered agent, Brandon S. Rothkopf, 20 Archbishop May Drive, Saint Louis, MO 63119-5378.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under Missouri state law are so related to Plaintiff's claims under federal law that they form the same case or controversy, pursuant to Article III of the United States Constitution.

10. Defendant transacts substantial business in the state of Missouri, employs citizens of the state of Missouri, and is registered and subject to service of process in Missouri. Therefore, this Court has personal jurisdiction over Defendant.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

12. The Archdiocese of St. Louis is a nonprofit religious corporation and an ecclesiastical jurisdiction of the Roman Catholic Church.

13. The Archdiocese operates under the authority of the Archbishop of St. Louis.

14. The Archdiocese conducts activities which include administration of parishes and missions; operation of Catholic schools and religious education programs; management of charitable organizations, hospitals, and social service programs; oversight of clergy and religious personnel within the archdiocese; and management of church property and finances within its jurisdiction

15. On April 3, 2023, Defendant's St. Joseph's Parish in Cottleville, MO hired Ms. Kozieja to work as Accounts Payable Specialist.

16. Ms. Kozieja worked in the position of Accounts Payable Specialist in the Parish Center office from her date of hire until her termination on April 21, 2025.

17. As an Accounts Payable Specialist, Ms. Kozieja's primary job duties were performing bank and credit card reconciliations, preparing monthly reports, and paying expenses for the parish, the parish school, various church organizations, and the ministry.

18. As Accounts Payable Specialist, Ms. Kozieja was paid on an hourly basis, with her final rate of pay being $25 per hour.

19. Ms. Kozieja was expected to work a standard workday from 7:00 a.m. to 4:00 p.m., Monday through Friday, with a one-hour lunch break.

20. Ms. Kozieja clocked in and out using a facial recognition time clock.

21. Every two weeks a time sheet was printed out by the system and given to each employee to sign off on.

22. In late August of 2023, Defendant hired Michael Lennon as its new business manager.

23. From the beginning, Mr. Lennon began delegating many of his duties to Ms. Kozieja, significantly increasing her workload.

24. Shortly thereafter, Ms. Kozieja logged her first instance of overtime.

25. Mr. Lennon swiftly responded by amending her time sheet, removing the modest amount of overtime Ms. Kozieja had entered.

26. Mr. Lennon informed Ms. Kozieja that she was not allowed to work overtime and would not be paid for overtime worked.

27. In order to keep up with her increased workload, Ms. Kozieja began working through her lunch hour and consequently stopped clocking in and out for lunch.

28. Mr. Lennon noticed this change and told her she must clock in and out for lunch.

29. Ms. Kozieja responded that in order to perform all the work that she had been delegated, she had to work through lunch.

30. Mr. Lennon replied that if she had to work through lunch, he would consider this time to be Ms. Kozieja's donation to the church.

31. Because Ms. Kozieja wished to keep her job, and to keep up with the demands of the job, she continued working through lunch for the duration of her employment with Defendant.

32. The entire office staff was aware that Ms. Kozieja routinely worked through lunch and she often heard comments like, "Gina's on her fake lunch."

33. Mr. Lennon was also fully aware that Ms. Kozieja continued to work through her designated lunch hour.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff realleges and incorporates all allegations above as if actually set forth

herein.

35. At all relevant times, Defendant's operations generated at least $500,000 annually in revenue from commercial activities. *See* 29 U.S.C. § 203(s)(1)(A)(ii).

36. Accordingly, at all relevant times, Defendant was a covered "employer" subject to the enterprise coverage of the FLSA. 29 U.S.C. § 203(s)(1).

37. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

38. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

39. At all relevant times, Plaintiff was a non-exempt employee and subject to the coverage of the FLSA.

40. As Defendant was well aware, Plaintiff routinely worked through her designated lunch period, in addition to working a full 40-hour workweek.

41. Consequently, during the relevant period, Plaintiff regularly worked more than forty hours in a work week.

42. During the relevant period, Defendant willfully failed to pay Plaintiff an overtime premium for her overtime hours worked.

43. As a result of Defendant's failure to compensate Plaintiff at a rate of not less than one and one-half times her regular rate of pay for all work performed in excess of forty hours in a work week, Defendant violated the FLSA, 29 U.S.C. § 207(a)(1).

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT II—VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

46. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

47. At all relevant times, Defendant was an employer, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

48. At all relevant times, Plaintiff was a covered employee, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(3)

49. The MMWL requires employers, including Defendant, to pay non-exempt employees for hours worked over forty in a work week at "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

50. Defendant willfully failed and refused to pay Plaintiff an overtime premium equivalent to one and one-half times her regular rate of pay whenever she worked more than forty hours in a workweek.

51. As a result of Defendant's failure to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Gina Kozieja prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and MMWL;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages and treble damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees, litigation expenses, and expert fees;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

                                                   Respectfully submitted,

s/*Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990(TN)
THE ROLWES EMPLOYMENT LAW FIRM
254 Court Avenue, Suite 305
Memphis, TN 38103
901.519.9135 (voice)
901.979.2499 (fax)
poliphant@rolweslaw.com

Edward J. Rolwes, Bar Number: 51522(MO)
THE ROLWES EMPLOYMENT LAW FIRM
2333 South Hanley Road, S. 104
St. Louis, MO  63144
314-806-9626 (voice)
314-472-0900 (fax)
erolwes@rolweslaw.com

*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

    I, **Gina Kozieja,** verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*Gina Kozieja (May 13, 2025 15:24 CDT)*

**Gina Kozieja**

Date: 13/05/25